**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 08-317-DLB**

**TERRY LEE GRAY**                                                                                                           **PLAINTIFF**

**vs.**                                   **<u>MEMORANDUM OPINION & ORDER</u>**

**MICHAEL J. ASTRUE, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                                          **DEFENDANT**

\*   \*   \*   \*   \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Terry Lee Gray filed an application for disability insurance benefits on October 6, 2006. (Tr. 88-90).[1] At the time of filing, Plaintiff was 47 years old, and alleged a disability onset date of November 22, 2004. (Tr. 88). He asserts he is disabled due degenerative conditions of the lumbar spine, status post laminectomy at L5-S1, degenerative joint disease, and depression. (Tr. 135-136). His application was denied initially and upon reconsideration. (Tr. 73-76, 82-84). At Plaintiff's request, an

---

[1] Plaintiff filed a prior application for benefits on November 23, 2004. His claim for benefits was denied in a decision by Administrative Law Judge (ALJ) Joan Lawrence dated September 28, 2006. Plaintiff appealed, and this Court affirmed the denial of benefits on May 9, 2008. *Gray v. Astrue*, No. 6:07-cv-116-DLB (E.D. Ky. May 9, 2008). Although the residual functional capacity (RFC) found by ALJ Alderisio in the decision under review differs significantly from the prior RFC found by ALJ Lawrence, the current decision is consistent with *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), as Plaintiff presented "new and material" evidence to ALJ Alderisio to support a revised RFC.

administrative hearing was conducted on October 5, 2007, by ALJ James P. Alderisio. (Tr. 35-53). On January 2, 2008, ALJ Alderisio ruled that Plaintiff was not disabled and therefore not entitled to disability insurance benefits. (Tr. 12-22). This decision became the final decision of the Commissioner when the Appeals Council denied review on September 2, 2008. (Tr. 1-6).

On October 3, 2008, Plaintiff filed the instant action. (Doc. #1). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. #12, 13).

## II.   DISCUSSION

### A.   Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781 (6th Cir. 1996).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers

whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, alone or in combination, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability. (Tr. 14). At Step 2, the ALJ determined Plaintiff's degenerative disc disease, and degenerative joint disease to be "severe" impairments within the meaning of the regulations, but determined his depression to be a "non-severe" impairment as it does not significantly limit Plaintiff's ability to do basic work activities. (Tr. 14-15).

At Step 3, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15). Specifically, the ALJ evaluated Plaintiff's functional limitations under Sections 1.00 (Musculoskeletal System) and 12.00 (Mental Disorders - Adult) and the subsections thereunder, concluding that Plaintiff's impairments did not meet or equal the requirements of any listing. (Tr. 16).

At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform a limited range of sedentary work. (Tr. 16). Specifically, the ALJ found that

Plaintiff retains the capacity to engage in "work which is generally performed while sitting and does not require lifting in excess of ten pounds at a time and occasionally lifting or carrying articles such as docket files, ledgers, and small tools" and which offers a "sit stand option every 45 minutes." (Tr. 16). Plaintiff is precluded, however, from climbing ropes, ladders, or scaffolds, but may occasionally climb ramps or stairs, stoop, or crouch. (Tr. 16).

Based upon these findings, the ALJ determined that although Plaintiff is unable to perform his past relevant work as a forklift operator, he has acquired work skills which are transferable to other occupations. (Tr. 20-21). At Step 5, the ALJ considered the Plaintiff's age, education, work experience, transferable work skills, and RFC in conjunction with the Medical-Vocational Guidelines and testimony by a Vocational Expert to conclude that there exist a significant number of jobs in the national economy Plaintiff can perform despite his functional limitations, such as inspector, production worker, and assembler. (Tr. 21). Therefore, the ALJ found the Plaintiff has not been under a disability as defined by the Social Security Act. (Tr.21).

**C.   Analysis**

Plaintiff advances three arguments on appeal; each will be in turn.

**1.   Opinions of Treating Physician and Neurosurgeon**

Plaintiff argues that the ALJ's assessment of his RFC is not supported by substantial evidence as the ALJ failed to defer wholly to the medical opinions of his treating physicians, Drs. Fogleman and Brooks. "Generally, the opinions of treating physicians are given substantial, if not controlling, deference." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)). However, treating physicians' opinions are only given such deference when supported by objective medical evidence.

*Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). "'The determination of disability is [ultimately] the prerogative of the [Commissioner], not the treating physician.'" *Warner*, 375 F.3d at 390 (quoting *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)). Accordingly, an ALJ may elect not to give controlling weight to a treating physician's opinion, as long as he provides "good reasons" for so doing. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); C.F.R. §§ 404.1527(d)(2).

In this case, the ALJ declined to adopt all of the functional limitations included in the functional capacity assessments of Drs. Fogleman and Brooks. Specifically, the ALJ rejected their conclusions regarding Plaintiff's walking and standing limitations, his ability to lift, and the number of days per month Plaintiff can be expected to miss work due to his impairments. It is important to note, however, that the ALJ did not reject wholesale the conclusions of Drs. Fogleman and Brooks. Indeed, the ALJ incorporated part of Dr. Fogleman's assessment regarding the Plaintiff's lifting and carrying capacity (Tr. 311-15), and Dr. Brooks' admonition against repetitive bending, stooping, climbing, crawling, squatting and balancing (Tr. 212), in formulating Plaintiff's RFC. However, to the extent that the ALJ disregarded a number of Dr. Fogleman's functional limitations, this Court concludes such decision was proper under the social security regulations and supported by substantial evidence.

In his written decision, the ALJ gave the following reason for declining to give controlling weight to Dr. Fogleman's assessment of Plaintiff's functional limitations: "The assessment of Dr. Fogleman has been considered but is given little weight because it seemed that the physician was going more on the claimant's opinion rather than the physicians own assessment during examination." (Tr. 20). This statement makes clear

that the ALJ declined to give Dr. Fogleman's opinion controlling weight because the functional limitations contained therein were based, not upon objective medical evidence, but upon Plaintiff's subjective - and possibly self-serving - assessment of his own limitations. Such a finding constitutes a "good reason" for rejecting the opinions of a treating physician under the social security regulations. *See Warner*, 375 F.3d at 391 (concluding that substantial evidence supported the ALJ's rejection of a treating physician's medical opinion where the opinion appeared "to be based not upon his own medical conclusion, but upon the conclusion of a different doctor, as well as [the plaintiff's] own assessment of his . . . limitations"); *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990) (concluding doctor's report based upon plaintiff's subjective complaints of pain did not constitute objective medical evidence). The ALJ's conclusion that the Plaintiff's subjective appraisal of his own function capacity forms the basis of Dr. Fogleman's written assessment is not only reasonable, but supported by evidence in the record as a comparison of Plaintiff's statements regarding his condition (contained in Dr. Fogleman's treatment notes) (Tr. 343) and Dr. Fogleman's written functional capacity assessment (Tr. 311-15), reveals a close correlation.

Furthermore, Dr. Fogleman's assessment of Plaintiff's functional capacity is undermined by Dr. Fogleman's own objective medical findings made on the same day that the assessment was drafted. Dr. Fogleman's physical examination found Plaintiff to have a normal range of motion in his neck and only mild tenderness in his lumbar region and lower back. (Tr. 343). Plaintiff displayed no difficulty walking out of the exam room, twisting from side to side while sitting or standing, and displayed a normal ability to reach overhead and to push, pull, or handle objects. (Tr. 343). Dr. Fogleman found Plaintiff

6

capable of lifting and carrying 20 pounds occasionally, and 10 pounds frequently. (Tr. 312). Despite these medical findings, which support the inference that Plaintiff retains the ability to perform a range of sedentary work, Dr. Fogleman opines that Plaintiff could hold only "a very limited type of job" and "would not be able to lift." (Tr. 311). In addition, Dr. Fogleman cites no medical evidence which supports his contention that Plaintiff would likely have to miss work four days per month due to his impairment and/or treatment of his conditions. (Tr. 313). Because Dr. Fogleman's functional capacity assessment is inconsistent with the medical evidence of record and is based upon Plaintiff's subjective assessment of his own limitations, this Court concludes that substantial evidence supports the ALJ's decision to give little weight to Dr. Fogleman's medical opinion.

### 2. Plaintiff's Allegations of Disabling Pain

Plaintiff also alleges that the ALJ erred in finding Plaintiff's testimony regarding disabling pain only partially credible. Plaintiff asserts that the RFC formulated by the ALJ is not supported by substantial evidence because it does not account for Plaintiff's disabling pain, and contends that the ALJ should have found his complaints credible as his allegation of disabling pain is supported by objective medical evidence which establishes the existence of an impairment which reasonably could be expected to produce severe pain.

"A subjective assessment of pain symptoms is relevant to determining whether a claimant suffers from a disability, but it is not conclusive evidence establishing a disability." *Warner*, 375 F.3d at 392 (citing *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) ("Subjective complaints of 'pain or other symptoms shall not alone be conclusive evidence of disability.'")). In evaluating the claimant's subjective complaints of pain, it is proper for the ALJ to consider the claimant's credibility, and this Court accords great deference to that

credibility determination. *Warner*, 375 F.3d at 392 (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (stating that an ALJ's "findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since [the ALJ] is charged with the duty to observing a witness's demeanor and credibility")). The ALJ may properly discount a claimant's credibility "to a certain degree . . . where [the ALJ] finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters*, 127 F.3d at 531.

In this case, although the ALJ found objective medical evidence of Plaintiff's underlying impairments which could produce pain - degenerative disc disease and degenerative joint disease - the ALJ concluded that the evidence in the record did not confirm that the pain Plaintiff attributes to these conditions is disabling. To reach this conclusion, the ALJ compared Plaintiff's allegations of disabling pain against the objective medical evidence contained in the record, Plaintiff's reported daily activities, and the Plaintiff's successful use of medication to mitigate his pain. Specifically, the ALJ noted that Plaintiff is able to attend to his own personal needs, help his wife with the housework, and watch television. In addition, Plaintiff takes various pain medications and an anti-depressant to treat his physical pain and depression, and has not reported suffering any side effects from his prescribed medications. Based on his assessment of the evidence in the record, the ALJ determined Plaintiff's testimony regarding disabling pain to be "not entirely credible. (Tr. 20). This finding of partial credibility, however, did not lead the ALJ to entirely discount Plaintiff's subjective assessment of his symptoms and their attendant limitations. The ALJ acknowledged that Plaintiff continues "to have low back pain which he [feels is] getting worse and he [has] right knee pain that further [deteriorates] his health,"

(Tr. 19), and adjusted his formulation of Plaintiff's RFC accordingly.

Because the record lacks evidence which would clearly support Plaintiff's allegations that his pain prevents him from engaging in any work-related activities, this Court defers to the ALJ's assessment of Plaintiff's credibility as it is supported by substantial evidence in the administrative record. *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (deferring to the ALJ's credibility assessment where the administrative record lacked objective medical evidence confirming the disabling effects of claimant's underlying medical condition). Accordingly, this Court concludes that the ALJ did not err in finding the Plaintiff's allegations of disabling pain only partially credible and finds the ALJ's formulation of Plaintiff's RFC to be supported by substantial evidence.

### 3.     Hypothetical Posed to the Vocational Expert

Finally, Plaintiff contends the hypothetical question posed to the Vocational Expert by the ALJ is inadequate because it failed to incorporate all of the exertional limitations proposed by Dr. Fogleman. Specifically, Plaintiff argues that the hypothetical posed to the Vocational Expert should have included Dr. Fogleman's prohibition on lifting and his assessment that Plaintiff would be absent from work approximately four days per month. (Tr. 311).

To meet his burden at Step 5 of the sequential evaluation, the Commissioner must make a finding "'supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs.'" *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (quoting *O'Banner v. Sec'y of Health, Educ. & Welfare*, 587 F.2d 321, 323 (6th Cir. 1978)). This type of "[s]ubstantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical'

question, but only 'if the question accurately portray's [Plaintiff's] individual physical and mental impairments.'" *Varley*, 820 F.2d at 779 (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984)).

As discussed above, the ALJ's decision to give little weight to Dr. Fogleman's assessment of Plaintiff's functional limitations is supported by substantial evidence. Given that there is substantial evidence to uphold the ALJ's rejection of some of Dr. Fogleman's proposed limitations as unsupported or contradicted by the objective medical evidence in the administrative record, those limitations did not need to be included in the hypothetical. *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 548 (6th Cir. 2002) (The hypothetical "need only include the alleged limitations of the claimant that the ALJ accepts a credible and that are supported by the evidence."). Although the hypothetical posed to the Vocational Expert did not include all of Dr. Fogleman's functional limitations, the hypothetical nevertheless accurately portrayed Plaintiff's impairments; therefore, the testimony of the Vocational Expert constituted substantial evidence supporting the Commissioner's conclusion that Plaintiff can perform work that is available in the national economy.

### III.   CONCLUSION

The record contains substantial evidence supporting the ALJ's assessment of Plaintiff's credibility, his determination of Plaintiff's RFC, and his ultimate finding that the Plaintiff is not disabled. Although the record contains differing opinions as to Plaintiff's functional limitations, the Court finds that the ALJ properly performed his duty as trier of fact in resolving the conflicts in the evidence. *See Richardson v. Perales*, 402 U.S. 389, 399

(1971). Accordingly for the reasons stated,

**IT IS ORDERED as follows:**

1. The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

2. Plaintiff's Motion for Summary Judgment (Doc. #12) is hereby **DENIED**;

3. Defendant's Motion for Summary Judgment (Doc. #13) is hereby **GRANTED**;

4. A judgment affirming this matter will be entered contemporaneously herewith.

This 25th day of June, 2009.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\SocialSecurity\MOOs\6-08-317-GrayMOO.wpd